**IN THE COUNTY COURT OF
THE SIXTH JUDICIAL
CIRCUIT IN AND FOR
PINELLAS COUNTY, FLORIDA
SMALL CLAIMS DIVISION**

**Case No:**

**KYLE BARGER,**

> **Plaintiff,**

v.

**JEFFERSON CAPITAL
SYSTEMS, LLC and
CONVERGENT
OUTSOURCING, INC.,**

> **Defendants.**

_____/

## <u>PLAINTIFF'S STATEMENT OF CLAIM</u>

   **COMES NOW**, Plaintiff, **KYLE BARGER** ("Mr. Barger" or "Plaintiff"), by and

through the undersigned counsel, and hereby sues and files this Statement of Claim against

Defendants, **JEFFERSON CAPITAL SYSTEMS, LLC** ("Debt Owner"), and

**CONVERGENT OUTSOURCING, INC.** ("Debt Collector") (collectively

"Defendants"), and in support thereof states as follows:

### <u>*Introduction*</u>

   1.  This action arises out of an alleged "Debt" or "Consumer Debt" as defined

by Fla. Stat. § 559.55 (6) and Defendants' violations of the Florida Consumer Collection

Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), and the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), by misrepresenting the right to collect

Plaintiff's Statement of Claim
*Barger v. Jefferson Capital Systems, LLC and Convergent Outsourcing, Inc.*
Page 1 of 16

***ELECTRONICALLY FILED 06/30/2021 06:56:16 PM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***

on such alleged debt after Defendants' knew it had been included in Mr. Barger's bankruptcy case, and by continuing to directly contact Mr. Barger after having actual knowledge that Mr. Barger was represented by counsel with respect to the alleged debt.

### *Jurisdiction and Venue*

2.      This is an action for damages that does not exceed Eight Thousand Dollars ($8,000.00), exclusive of interest, costs, and attorney's fees.

3.      Jurisdiction is proper in the State of Florida where the Defendant conducts business in the State of Florida.

4.      Jurisdiction of this Court also arises where Defendant's tortious activity under the FCCPA occurred in the State of Florida.

5.      Venue is proper in Pinellas County, Florida, where Defendant has physical locations in Pinellas County, Florida.

6.      Venue is proper in Pinellas County, Florida, where this tortious cause of action accrued in Pinellas County.

7.      Venue is also proper in Pinellas County, Florida pursuant to Fla. Stat. § 559.77 (1) as a substantial part of the events or omissions giving rise to the claims occurred in this County.

### *Parties*

8.      Plaintiff, Mr. Barger, was and is a natural person and, at all times material hereto, is an adult, a resident of Pinellas County, Florida, and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

Plaintiff's Statement of Claim
*Barger  v. Jefferson Capital Systems, LLC and Convergent Outsourcing, Inc.*
Page **2** of **16**

9.     At all times material hereto, Debt Owner was and is a business with its principal place of business in the state of MN, and its registered agent,  Corporation Service Company, located at 1201 Hays Street, Tallahassee, FL 32301.

10.     Further, at all times material hereto, Debt Owner is a "Consumer Collection Agency" as defined by Fla. Stat. § 559.55 (3) and/or a "Debt Collector" as defined by Fla. Stat. § 559.55 (7).

11.     At all times material hereto, Debt Collector was and is a business with its principal place of business in the state of WA, and its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, FL 32301.

12.     Further, at all times material hereto, Debt Collector is a "Consumer Collection Agency" as defined by Fla. Stat. § 559.55 (3) and/or a "Debt Collector" as defined by Fla. Stat. § 559.55 (7).

13.     At all times material hereto, Debt Collector was performing debt collection owed to Debt Owner to satisfy Mr.  Barger's alleged debt.

14.     At all times material hereto, Debt Collector was acting within the scope of an employee, representative, or agent on behalf of Debt Owner for purposes of collecting Mr.  Barger's alleged debt for Debt Owner.

15.     As such, Debt Owner is responsible for the conduct of Debt Collector as its employee, representative, or agent.

16.     Under information and belief, Debt Owner granted Debt Collector access to information and systems that normally would be within Debt Owner's exclusive control, including, but not limited to Mr.  Barger's information.

Plaintiff's Statement of Claim
*Barger  v. Jefferson Capital Systems, LLC and Convergent Outsourcing, Inc.*
Page **3** of **16**

17.     Under information and belief, Debt Owner allowed Debt Collector to enter Mr. Barger's information into Debt Owner's sales or customer systems.

18.     Under information and belief, Debt Owner gave Debt Collector authority to use the principal's trade name, trademark, or service mark.

19.     Under information and belief, Debt Owner approved, wrote, or reviewed a form letter or call script for Debt Collector to use when communicating with Mr. Barger.

20.     Under information and belief, Debt Owner had actual knowledge of Debt Collector's FCCPA and FDCPA violations when contacting Mr. Bargerand Debt Owner failed to stop such violations by Debt Collector.

21.     Under information and belief, via a contractual relationship between the parties, Debt Owner had control or the ability to control Debt Collector's actions in attempting to collect Mr. Barger's debt on behalf of Debt Owner.

### *Statements of Fact*

22.     Mr. Barger opened a personal telephone services account with Verizon Wireless for personal or household use that was assigned a unique account number ending 0001 ("Account").

23.     Sometime thereafter, Mr. Barger encountered financial difficulties and fell behind on his payments towards the Account, which incurred an outstanding balance owed thereunder ("Debt").

24.     Under information and belief, after the Account fell into default status, the Account and Debt were then sold, assigned, or transferred to Debt Owner for collection purposes.

Plaintiff's Statement of Claim
*Barger v. Jefferson Capital Systems, LLC and Convergent Outsourcing, Inc.*
Page **4** of **16**

25.     On April 27, 2021, Mr.  Barger filed a Chapter 7 Bankruptcy Petition ("Petition") in the U.S. Bankruptcy Court, Middle District of Florida, Case Number: 8:21-bk-02038 ("Bankruptcy Case").  *See* **Exhibit A.**

26.     Mr.  Barger identified Debt Owner as a creditor in his Petition. *See* **Exhibit A.**

27.     Mr. Barger's Petition also identified his counsel's name and contact information, which notified all of Mr.  Barger's creditors, including Debt Owner, that Mr. Barger was represented by counsel with respect to all debts, including the Debt.

28.     On or around April 28, 2021, Debt Owner received notice of the Bankruptcy Case filing. *See* **Exhibit B.**

29.     After Debt Owner received notice that the Debt was included in the Bankruptcy Case and that Mr. Barger was represented by counsel with respect to the Debt, Debt Owner continued to communicate directly with Mr. Barger in attempts to collect the Debt.

30.     Debt Owner communicated directly with Mr. Barger through its debt collection agent, Debt Collector.

31.     Under information and belief, Debt Owner notified Debt Collector of Mr. Barger's Bankruptcy Case filing and attorney representation.

32.     For example, on or around May 17, 2021, Debt Collector sent a letter directly to Mr.  Barger in connection with the collection of an alleged debt owed on the Account. *See* **Exhibit C.**

Plaintiff's Statement of Claim
*Barger  v. Jefferson Capital Systems, LLC and Convergent Outsourcing, Inc.*
Page 5 of 16

33.     Defendant's May 17, 2021 letter was addressed directly to Mr. Barger, demanded a total amount due of $642.33, offered a settlement offer of $321.17 that was open for a period of sixty days, and offered the option to pay online, to pay using the attached payment coupon, to pay by mail, and/or to pay by phone. *See* **Exhibit C.**

34.     At no time was the alleged Debt ever reaffirmed in the Bankruptcy Case.

35.     All of Defendant's letters to Mr. Barger were done in connection with the collection of the alleged Debt.

### *Count 1: Violation of the Florida Consumer Collection Practices Act ("FCCPA")* *(as against Debt Collector)*

36.     Mr. Barger re-alleges paragraphs 1-35 and incorporates the same herein by reference.

37.     Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

a.   Defendant violated Fla. Stat. § 559.72(9) by misrepresenting the legal status of the Debt as still personally owed by Mr. Barger and that such Debt was legitimately collectable after Defendant had received notice that the alleged Debt had been included in Mr. Barger's Bankruptcy Case.

b.   Defendant violated Fla. Stat. § 559.72(18) by communicating directly with Mr. Barger after Defendant had actual knowledge that Mr. Barger was represented by an attorney with respect to the Debt, and had knowledge of, or

Plaintiff's Statement of Claim
*Barger v. Jefferson Capital Systems, LLC and Convergent Outsourcing, Inc.*
Page 6 of 16

could readily ascertain Mr. Barger's attorney's name and address.

38.     As a result of the above violations of the FCCPA, Mr. Barger has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

39.     Defendant's actions have violated Mr. Barger's right to not be directly contacted while represented by an attorney with respect to the alleged Debt.

40.     Defendant's actions have damaged Mr. Barger by causing him stress.

41.     Defendant's actions have damaged Mr. Barger by causing him anxiety.

42.     Defendant's actions have damaged Mr. Barger by being an annoyance.

43.     Defendant's actions have damaged Mr. Barger by causing him aggravation.

44.     It has been necessary for Mr. Barger to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

45.     All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

a.   Awarding statutory damages as provided by Fla. Stat. § 559.77;

b.   Awarding actual damages;

c.   Awarding costs and attorneys' fees;

d.   Ordering an injunction preventing further wrongful contact by the Defendant; and

Plaintiff's Statement of Claim
*Barger  v. Jefferson Capital Systems, LLC and Convergent Outsourcing, Inc.*
Page 7 of **16**

e.   Any other and further relief as this Court deems just and equitable.

**_Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA")_**
**_(as against Debt Owner)_**

46.     Mr. Barger re-alleges paragraphs 1-35 and incorporates the same herein by reference.

47.     Debt Owner violated the FCCPA. Defendant's violations include, but are not limited to, the following:

a.   Defendant violated Fla. Stat. § 559.72(9) by misrepresenting the legal status of the Debt as still personally owed by Mr. Barger and that such Debt was legitimately collectable after Defendant had received notice that the alleged Debt had been included in Mr. Barger's Bankruptcy Case.

b.   Defendant violated Fla. Stat. § 559.72(18) by communicating directly with Mr. Barger after Defendant had actual knowledge that Mr. Barger was represented by an attorney with respect to the Debt, and had knowledge of, or could readily ascertain Mr. Barger's attorney's name and address.

48.     At all times material hereto, Debt Owner was and is vicariously and/or directly liable for the actions of Debt Collector.

49.     Debt Collector violated the FCCPA.  Debt Collector's violations include, but are not limited to, the following:

Plaintiff's Statement of Claim
*Barger  v. Jefferson Capital Systems, LLC and Convergent Outsourcing, Inc.*
Page **8** of **16**

c.  Defendant violated Fla. Stat. § 559.72(9) by misrepresenting the legal status of the Debt as still personally owed by Mr. Barger and that such Debt was legitimately collectable after Defendant had received notice that the alleged Debt had been included in Mr. Barger's Bankruptcy Case.

d.  Defendant violated Fla. Stat. § 559.72(18) by communicating directly with Mr. Barger after Defendant had actual knowledge that Mr. Barger was represented by an attorney with respect to the Debt, and had knowledge of, or could readily ascertain Mr. Barger's attorney's name and address.

50.  As a result of the above violations of the FCCPA, Mr. Barger has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

51.  Defendant's actions have violated Mr. Barger's right to not be directly contacted while represented by an attorney with respect to the alleged Debt.

52.  Defendant's actions have damaged Mr. Barger by causing him stress.

53.  Defendant's actions have damaged Mr. Barger by causing him anxiety.

54.  Defendant's actions have damaged Mr. Barger by being an annoyance.

55.  Defendant's actions have damaged Mr. Barger by causing him aggravation.

Plaintiff's Statement of Claim
*Barger  v. Jefferson Capital Systems, LLC and Convergent Outsourcing, Inc.*
Page 9 of 16

56.     It has been necessary for Mr. Barger to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

57.     All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Owner as follows:

a.   Awarding statutory damages as provided by Fla. Stat. § 559.77;

b.   Awarding actual damages;

c.   Awarding costs and attorneys' fees;

d.   Ordering an injunction preventing further wrongful contact by the Defendant; and

e.   Any other and further relief as this Court deems just and equitable.

### *Count 3: Violation of the Fair Debt Collection Practices Act ("FDCPA") (as against Debt Collector)*

58.     Mr. Barger re-alleges paragraphs 1-35 and incorporates the same herein by reference.

59.     Mr. Barger is a "consumer" within the meaning of the FDCPA.

60.     The subject debt is a "consumer debt" within the meaning of the FDCPA.

61.     Debt Collector is a "debt collector" within the meaning of the FDCPA.

62.     Debt Collector violated the FDCPA. Debt Collector's violations include, but are not limited to, the following:

a.   Debt Collector violated 15 U.S.C. § 1692c(a) by communicating directly with Mr. Barger after Debt Collector knew Mr. Barger was represented by an attorney

Plaintiff's Statement of Claim
*Barger v. Jefferson Capital Systems, LLC and Convergent Outsourcing, Inc.*
Page **10** of 16

with respect to the Debt, and had knowledge of, or could readily ascertain, such attorney's name and address.

b.  Debt Collector violated 15 U.S.C. § 1692c(b) by communicating in connection with the collection of the Debt with person(s) other than Mr. Barger, his attorney, or a consumer reporting agency without the prior consent of Mr. Barger given directly to Debt Collector and without the express permission of a court of competent jurisdiction or as reasonably necessary to effectuate a postjudgment judicial remedy.

c.  Debt Collector violated 15 U.S.C. § 1692e(2)(A) by falsely representing the legal status of the Debt as still personally owed by Mr.  Barger and that the Debt was legitimately collectable when such Debt had been included in Mr. Barger's Bankruptcy Case.

d.  Debt Collector violated 15 U.S.C. § 1692e(5) by threatening to take action in connection with the collection of the Debt that cannot legally be taken because the Debt is not personally owed by Mr. Barger and the Debt was not legally collectable as a result of the Automatic Stay.

e.  Debt Collector violated 15 U.S.C. § 1692e(10) by falsely representing the legal status of the Debt as collectable.

Plaintiff's Statement of Claim
*Barger  v. Jefferson Capital Systems, LLC and Convergent Outsourcing, Inc.*
Page **11** of **16**

    f.   Debt Collector violated 15 U.S.C. § 1692f(1) by attempting

        to collect the Debt that Defendant knew was not permitted

        by law to collect pursuant to the Automatic Stay.

63.    As a result of the above violations of the FDCPA, Mr. Barger has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

64.    Defendant's actions have violated Mr. Barger's right to not be directly contacted while represented by an attorney with respect to the alleged Debt.

65.    Defendant's actions have damaged Mr. Barger by causing him stress.

66.    Defendant's actions have damaged Mr. Barger by causing him anxiety.

67.    Defendant's actions have damaged Mr. Bargerby being an annoyance.

68.    Defendant's actions have damaged Mr. Barger by causing him aggravation.

69.    It has been necessary for Mr. Barger to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

70.    All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

    a.   Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);

    b.   Awarding actual damages;

    c.   Awarding costs and attorneys' fees;

Plaintiff's Statement of Claim
*Barger v. Jefferson Capital Systems, LLC and Convergent Outsourcing, Inc.*
Page **12** of 16

    d.  Ordering an injunction preventing further wrongful contact by the Defendant; and

    e.  Any other and further relief as this Court deems just and equitable.

### *Count 4: Violation of the Fair Debt Collection Practices Act ("FDCPA")*
### *(as against Debt Owner)*

71.    Mr. Barger re-alleges paragraphs 1-35 and incorporates the same herein by reference.

72.    Mr. Barger is a "consumer" within the meaning of the FDCPA.

73.    The subject debt is a "consumer debt" within the meaning of the FDCPA.

74.    Debt Owner is a "debt collector" within the meaning of the FDCPA.

75.    Debt Owner violated the FDCPA. Debt Owner's violations include, but are not limited to, the following:

    a.  Debt Collector violated 15 U.S.C. § 1692c(a) by communicating directly with Mr. Barger after Debt Collector knew Mr. Barger was represented by an attorney with respect to the Debt, and had knowledge of, or could readily ascertain, such attorney's name and address.

    b.  Debt Owner violated 15 U.S.C. § 1692c(b) by communicating in connection with the collection of the Debt with person(s) other than Mr. Barger, his attorney, or a consumer reporting agency without the prior consent of Mr. Barger given directly to Debt Owner and without the express permission of a court of competent jurisdiction or as

Plaintiff's Statement of Claim
*Barger v. Jefferson Capital Systems, LLC and Convergent Outsourcing, Inc.*
Page **13** of **16**

reasonably necessary to effectuate a postjudgment judicial remedy.

c.   Debt Collector violated 15 U.S.C. § 1692e(2)(A) by falsely representing the legal status of the Debt as still personally owed by Mr. Barger and that the Debt was legitimately collectable when such Debt had been included in Mr. Barger's Bankruptcy Case.

d.   Debt Collector violated 15 U.S.C. § 1692e(5) by threatening to take action in connection with the collection of the Debt that cannot legally be taken because the Debt is not personally owed by Mr. Barger and the Debt was not legally collectable as a result of the Automatic Stay.

e.   Debt Collector violated 15 U.S.C. § 1692e(10) by falsely representing the legal status of the Debt as collectable.

f.   Debt Collector violated 15 U.S.C. § 1692f(1) by attempting to collect the Debt that Defendant knew was not permitted by law to collect pursuant to the Automatic Stay.

76.    As a result of the above violations of the FDCPA, Mr. Barger has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

77.    Defendant's actions have violated Mr. Barger's right to not be directly contacted while represented by an attorney with respect to the alleged Debt.

Plaintiff's Statement of Claim
*Barger v. Jefferson Capital Systems, LLC and Convergent Outsourcing, Inc.*
Page **14** of **16**

78.   Defendant's actions have damaged Mr. Barger by causing him stress.

79.   Defendant's actions have damaged Mr. Barger by causing him anxiety.

80.   Defendant's actions have damaged Mr. Barger by being an annoyance.

81.    Defendant's actions have damaged Mr. Barger by causing him aggravation.

82.   It has been necessary for Mr. Barger to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

83.   All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Owner as follows:

a.   Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);

b.   Awarding actual damages;

c.   Awarding costs and attorneys' fees;

d.   Ordering an injunction preventing further wrongful contact by the Defendant; and

e.   Any other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, **KYLE BARGER** , demands a trial by jury on all issues so triable.

Plaintiff's Statement of Claim
*Barger  v. Jefferson Capital Systems, LLC and Convergent Outsourcing, Inc.*
Page **15** of 16

Respectfully submitted this **June 30, 2021**,

/s/ Kaelyn Diamond
Kaelyn Diamond, Esq.
Florida Bar No. 125132
kaelyn@attorneydebtfighters.com
service@attorneydebtfighters.com
Ziegler Diamond Law: Debt Fighters
2561 Nursery Road, Suite A
Clearwater, FL 33764
(p)  (727) 538-4188
(f)  (727) 362-4778
*Counsel for Plaintiff*

Plaintiff's Statement of Claim
*Barger  v. Jefferson Capital Systems, LLC and Convergent Outsourcing, Inc.*
Page **16** of 16

Case Number:21-006477-SC

# EXHIBIT A

***ELECTRONICALLY FILED 06/30/2021 06:56:16 PM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

**Middle District of Florida**

Case number (*if known*): 8:21-bk-02038

Chapter you are filing under:
- ☑ Chapter 7
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13

☐ Check if this is an amended filing

## Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy  04/20

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Identify Yourself |
| --- | --- |

|  | | **About Debtor 1:** | **About Debtor 2 (Spouse Only in a Joint Case):** |
| --- | --- | --- | --- |
| 1. | **Your full name** | | |
| | Write the name that is on your government-issued picture identification (for example, your driver's license or passport). | J Kyle _____ <br> First name | _____ <br> First name |
| | | _____ <br> Middle name | _____ <br> Middle name |
| | Bring your picture identification to your meeting with the trustee. | Barger _____ <br> Last name | _____ <br> Last name |
| | | _____ <br> Suffix (Sr., Jr., II, III) | _____ <br> Suffix (Sr., Jr., II, III) |
| 2. | **All other names you have used in the last 8 years** <br><br> Include your married or maiden names. | | |
| 3. | **Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | xxx – xx – ■■■■ <br> OR <br> **9** xx – xx – ___ ___ ___ ___ | xxx – xx – ___ ___ ___ ___ <br> OR <br> **9** xx – xx – ___ ___ ___ ___ |

| | |
|---|---|
| Andrew Palma Lavin & Solis | **On which entry in Part 1 or Part 2 did you list the original creditor?** |
| Creditor s Name | |
| 887 Donald Ross Road | Line 4 17 of (Check one) |
| Number    Street | ☐ Part 1 Creditors with Priority Unsecured Claims |
| North Palm Beach   L      33408 | ☑ Part 2 Creditors with Nonpriority Unsecured |
| City    State    Z P Code | |
| | **Last 4 digits of account number** |

| | |
|---|---|
| Jefferson Capital | **On which entry in Part 1 or Part 2 did you list the original creditor?** |
| Creditor s Name | |
| 6 McLeland Road | Line 4 19 of (Check one) |
| Number    Street | ☐ Part 1 Creditors with Priority Unsecured Claims |
| Saint Cloud MN    56303 | ☑ Part 2 Creditors with Nonpriority Unsecured |
| City    State    Z P Code | Claims |
| | **Last 4 digits of account number** |

| | |
|---|---|
| LVNV/Resurgent Capital | **On which entry in Part 1 or Part 2 did you list the original creditor?** |
| Creditor s Name | |
| Attn  Bankruptcy | Line 4 17 of (Check one) |
| Number    Street | ☐ Part 1 Creditors with Priority Unsecured Claims |
| PO Box  0497 | ☑ Part 2 Creditors with Nonpriority Unsecured |
| Greenville SC    29603 | Claims |
| City    State    Z P Code | **Last 4 digits of account number** |

| | |
|---|---|
| LVNV/Resurgent Capital | **On which entry in Part 1 or Part 2 did you list the original creditor?** |
| Creditor s Name | |
| Attn  Bankruptcy | Line 4 16 of (Check one) |
| Number    Street | ☐ Part 1 Creditors with Priority Unsecured Claims |
| PO Box  0497 | ☑ Part 2 Creditors with Nonpriority Unsecured |
| Greenville SC    29603 | Claims |
| City    State    Z P Code | **Last 4 digits of account number** |

| | |
|---|---|
| Mandarich Law Group | **On which entry in Part 1 or Part 2 did you list the original creditor?** |
| Creditor s Name | |
| PO Box 952289 | Line 4 16 of (Check one) |
| Number    Street | ☐ Part 1 Creditors with Priority Unsecured Claims |
| Lake Mary  L      32795 | ☑ Part 2 Creditors with Nonpriority Unsecured |
| City    State    Z P Code | Claims |
| | **Last 4 digits of account number** |

| | |
|---|---|
| O & L Law Group  PL | **On which entry in Part 1 or Part 2 did you list the original creditor?** |
| Creditor s Name | |
| 0 W Columbus Dr | Line 4 3 of (Check one) |
| Number    Street | ☐ Part 1 Creditors with Priority Unsecured Claims |
| ampa  L      33602 | ☑ Part 2 Creditors with Nonpriority Unsecured |
| City    State    Z P Code | Claims |
| | **Last 4 digits of account number** |

| | |
|---|---|
| Portfolio Recovery Associates | **On which entry in Part 1 or Part 2 did you list the original creditor?** |
| Creditor s Name | |
| 20 Corporate Blvd  Ste | Line 4 4 of (Check one) |
| Number    Street | ☐ Part 1 Creditors with Priority Unsecured Claims |
| Norfolk  VA      23502 | ☑ Part 2 Creditors with Nonpriority Unsecured |
| City    State    Z P Code | Claims |
| | **Last 4 digits of account number** |

| | |
|---|---|
| Unifund CCR LLC | **On which entry in Part 1 or Part 2 did you list the original creditor?** |
| Creditor s Name | |
| 0625  echwoods Circle | Line 4 3 of (Check one) |
| Number    Street | ☐ Part 1 Creditors with Priority Unsecured Claims |
| Cincinnati OH    45242 | ☑ Part 2 Creditors with Nonpriority Unsecured |
| City    State    Z P Code | Claims |
| | **Last 4 digits of account number** |

| **Part 4:** | **Add the Amounts for Each Type of Unsecured Claim** |
|---|---|

Andreu, Palma Lavin & Solis
887 Donald Ross Road
North Palm Beach, FL 33408

Avante
3600 South Gessner Road
Suite 225
Houston, TX 77063

Becky Fasset
1763 Main Street
Dunedin, FL 34698

Capital One Bank Usa N
Po Box 31293
Salt Lake City, UT 84131

Citibank/Best Buy
Attn: Bankruptcy
PO Box 790040
Saint Louis, MO 63129

Comenity Bank
PO Box 182273
Columbus, OH 43218-2273

Dept Of Education/Neln
121 S 13th St
Lincoln, NE 68508

Glelsi/College Loan Co
Po Box 7860
Madison, WI 53707

Jefferson Capital
16 McLeland Road
Saint Cloud, MN 56303

Kohls/Capone
Po Box 3115
Milwaukee, WI 53201

LVNV/Resurgent Capital
Attn: Bankruptcy
PO Box 10497
Greenville, SC 29603

Mandarich Law Group
PO Box 952289
Lake Mary, FL 32795

Merrick Bank Corp
Po Box 9201
Old Bethpage, NY 11804

Nelnet Lns
3015 S Parker Rd Suite 400
Aurora, CO 80014

O & L Law Group, PL
110 W Columbus Dr
Tampa, FL 33602

Pentagon Federal Cr Un
2930 Eisenhower Ave
Alexandria, VA 22314

Portfolio Recovery Associates
120 Corporate Blvd, Ste 1
Norfolk, VA 23502

Syncb/Care Credit
Attn: Bankruptcy
PO Box 965036
Orlando, FL 32896-5036

Synchrony Bank/Amazon
Attn: Bankruptcy
PO Box 956060
Orlando, FL 32896

The Huntington Natl Ba
Po Box 1558
Columbus, OH 43216

Unifund CCR LLC
10625 Techwoods Circle
Cincinnati, OH 45242

Verizon Wireless
Attn: Bankruptcy Dept
500 Technology Dr, Ste 550
Saint Charles, MO 63304

# EXHIBIT B

United States Bankruptcy Court
Middle District of Florida

In re:                                                                                              Case No. 21-02038-CPM
J Kyle Barger                                                                                   Chapter 7
     Debtor

# CERTIFICATE OF NOTICE

District/off: 113A-8                                        User: hjeff                                        Page 1 of 2
Date Rcvd: Apr 26, 2021                            Form ID: 309A                              Total Noticed: 27

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 28, 2021:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | J Kyle Barger, ███████████ |
| 29489078 | + | Andreu, Palma Lavin & Solis, 887 Donald Ross Road, North Palm Beach, FL 33408-1611 |
| 29489080 | + | Becky Fasset, 1763 Main Street, Dunedin, FL 34698-6436 |
| 29489085 | + | Glelsi/College Loan Co, Po Box 7860, Madison, WI 53707-7860 |
| 29489088 | + | LVNV/Resurgent Capital, Attn: Bankruptcy, PO Box 10497, Greenville, SC 29603-0497 |
| 29489089 | + | Mandarich Law Group, PO Box 952289, Lake Mary, FL 32795-2289 |
| 29489092 | + | O & L Law Group, PL, 110 W Columbus Dr, Tampa, FL 33602-1404 |
| 29489098 | + | Unifund CCR LLC, 10625 Techwoods Circle, Cincinnati, OH 45242-2846 |

TOTAL: 8

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| aty | | Email/Text: bankruptcy@attorneydebtfighters.com | Apr 26 2021 21:33:00 | Michael A. Ziegler, Ziegler Diamond Law: Debt Fighters, 2561 Nursery Road, Suite A, Clearwater, FL 33764 |
| tr | + | EDI: QNMCAMERON.COM | Apr 27 2021 01:33:00 | Nicole M Cameron, Nicole M Cameron, P.A., 235 Apollo Beach Boulevard, #231, Apollo Beach, FL 33572-2251 |
| ust | + | Email/Text: ustpregion21.tp.ecf@usdoj.gov | Apr 26 2021 21:34:00 | United States Trustee - TPA7/13, Timberlake Annex, Suite 1200, 501 E Polk Street, Tampa, FL 33602-3949 |
| 29489079 | | Email/Text: paymentprocessing@avanteusa.com | Apr 26 2021 21:33:00 | Avante, 3600 South Gessner Road, Suite 225, Houston, TX 77063 |
| 29489081 | + | EDI: CAPITALONE.COM | Apr 27 2021 01:33:00 | Capital One Bank Usa N, Po Box 31293, Salt Lake City, UT 84131-0293 |
| 29489082 | + | EDI: CITICORP.COM | Apr 27 2021 01:33:00 | Citibank/Best Buy, Attn: Bankruptcy, PO Box 790040, Saint Louis, MO 63179-0040 |
| 29489083 | | EDI: WFNNB.COM | Apr 27 2021 01:33:00 | Comenity Bank, PO Box 182273, Columbus, OH 43218-2273 |
| 29489084 | + | Email/Text: electronicbkydocs@nelnet.net | Apr 26 2021 21:34:00 | Dept Of Education/Neln, 121 S 13th St, Lincoln, NE 68508-1904 |
| 29491089 | | EDI: IRS.COM | Apr 27 2021 01:33:00 | Internal Revenue Service, Post Office Box 7346, Philadelphia PA 19101-7346 |
| 29489086 | | EDI: JEFFERSONCAP.COM | Apr 27 2021 01:33:00 | Jefferson Capital, 16 McLeland Road, Saint Cloud, MN 56303 |
| 29489087 | + | Email/Text: PBNCNotifications@peritusservices.com | Apr 26 2021 21:33:00 | Kohls/Capone, Po Box 3115, Milwaukee, WI 53201-3115 |
| 29489090 | + | Email/PDF: MerrickBKNotifications@Resurgent.com | Apr 26 2021 21:38:33 | Merrick Bank Corp, Po Box 9201, Old Bethpage, NY 11804-9001 |
| 29489091 | + | Email/Text: electronicbkydocs@nelnet.net | Apr 26 2021 21:34:00 | Nelnet Lns, 3015 S Parker Rd Suite 400, Aurora, |

| District/off: 113A-8 | User: hjeff | Page 2 of 2 |
|---|---|---|
| Date Rcvd: Apr 26, 2021 | Form ID: 309A | Total Noticed: 27 |

|  |  |  | CO 80014-2904 |
|---|---|---|---|
| 29489094 | EDI: PRA.COM | Apr 27 2021 01:33:00 | Portfolio Recovery Associates, 120 Corporate Blvd, Ste 1, Norfolk, VA 23502 |
| 29489093 | + Email/Text: bkrgeneric@penfed.org | Apr 26 2021 21:33:00 | Pentagon Federal Cr Un, 2930 Eisenhower Ave, Alexandria, VA 22314-4557 |
| 29489095 | EDI: RMSC.COM | Apr 27 2021 01:33:00 | Syncb/Care Credit, Attn: Bankruptcy, PO Box 965036, Orlando, FL 32896-5036 |
| 29489096 | + EDI: RMSC.COM | Apr 27 2021 01:33:00 | Synchrony Bank/Amazon, Attn: Bankruptcy, PO Box 956060, Orlando, FL 32896-0001 |
| 29489097 | + Email/Text: bankruptcy@huntington.com | Apr 26 2021 21:34:00 | The Huntington Natl Ba, Po Box 1558, Columbus, OH 43216-1558 |
| 29489099 | + EDI: VERIZONCOMB.COM | Apr 27 2021 01:33:00 | Verizon Wireless, Attn: Bankruptcy Dept, 500 Technology Dr, Ste 550, Saint Charles, MO 63304-2225 |

TOTAL: 19

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 28, 2021                 Signature:        /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 26, 2021 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Michael A. Ziegler | on behalf of Debtor J Kyle Barger bankruptcy@attorneydebtfighters.com 10310@notices.nextchapterbk.com |
| Nicole M Cameron | trustee@tampabay.rr.com ncameron@ecf.axosfs.com |
| United States Trustee - TPA7/13 | USTPRegion21.TP.ECF@USDOJ.GOV |

TOTAL: 3

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **J Kyle Barger** | Social Security number or ITIN ▬▬▬ |
| | First Name   Middle Name   Last Name | EIN  _ _ – _ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN  _ _ _ _ |
| | | EIN  _ _ – _ _ _ _ _ _ _ |
| United States Bankruptcy Court   **Middle District of Florida** | | Date case filed for chapter  **7   4/25/21** |
| Case number:   **8:21–bk–02038–CPM** | | |

## Official Form 309A (For Individuals or Joint Debtors)
## Notice of Chapter 7 Bankruptcy Case –– No Proof of Claim Deadline   10/20

**For the debtors listed above, a case has been filed under chapter 7 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors or the debtors' property. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

The debtors are seeking a discharge. Creditors who assert that the debtors are not entitled to a discharge of any debts or who want to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadlines specified in this notice. (See line 9 for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at   https://pacer.uscourts.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

| | | About Debtor 1: | About Debtor 2: |
|---|---|---|---|
| 1. | **Debtor's full name** | J Kyle Barger | |
| 2. | **All other names used in the last 8 years** | | |
| 3. | **Address** | 1763 Main St<br>#117<br>Dunedin, FL 34698 | |
| 4. | **Debtor's attorney**<br>Name and address | Michael A. Ziegler<br>Ziegler Diamond Law: Debt Fighters<br>2561 Nursery Road, Suite A<br>Clearwater, FL 33764 | Contact phone 727–538–4188<br><br>Email:  bankruptcy@attorneydebtfighters.com |
| 5. | **Bankruptcy Trustee**<br>Name and address | Nicole M Cameron<br>Nicole M. Cameron, P.A.<br>235 Apollo Beach Boulevard, #231<br>Apollo Beach, FL 33572 | Contact phone 813–645–8787 |

Notice is further given that effective on the date of the Petition, the United States Trustee appointed the above named individual as interim trustee pursuant to 11 USC § 701.

**For more information, see page 2 >**

Official Form 309A (For Individuals or Joint Debtors) **Notice of Chapter 7 Bankruptcy Case –– No Proof of Claim Deadline**          page 1

Debtor **J Kyle Barger**                                                                  Case number **8:21‒bk‒02038‒CPM**

| | | |
|---|---|---|
| **6.** **Bankruptcy Clerk's Office**<br><br>Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at https://pacer.uscourts.gov. | Sam M. Gibbons United States Courthouse<br>801 North Florida Avenue, Suite 555<br>Tampa, FL 33602 | Hours open:<br>Monday – Friday 8:30 AM – 4:00PM<br><br>Contact phone 813‒301‒5162<br><br>Date: April 26, 2021 |
| **7.** **Meeting of creditors**<br><br>Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. You are reminded that Local Rule 5073‒1 restricts the entry of personal electronic devices into the Courthouse. | **May 28, 2021 at 09:20 AM**<br><br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | **Meeting will be held telephonically**<br><br>Trustee: Nicole M Cameron<br>Call in number: 877‒336‒3492<br>Passcode: 9316761 |

**\*\*\* Debtor must provide a Photo ID and acceptable proof of Social Security Number to the Trustee in the manner directed by the Trustee. \*\*\***

| | | |
|---|---|---|
| **8.** **Presumption of abuse**<br><br>If the presumption of abuse arises, you may have the right to file a motion to dismiss the case under 11 U.S.C. § 707(b). Debtors may rebut the presumption by showing special circumstances. | The presumption of abuse does not arise. | |
| **9.** **Deadlines**<br><br>The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **File by the deadline to object to discharge or to challenge whether certain debts are dischargeable:**<br><br>**You must file a complaint:**<br>• if you assert that the debtor is not entitled to receive a discharge of any debts under any of the subdivisions of 11 U.S.C. § 727(a)(2) through (7), or<br><br>• if you want to have a debt excepted from discharge under 11 U.S.C § 523(a)(2), (4), or (6).<br><br>**You must file a motion:**<br>• if you assert that the discharge should be denied under § 727(a)(8) or (9). | **Filing deadline:** July 27, 2021 |
| | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:** 30 days after the *conclusion* of the meeting of creditors |
| **10.** **Proof of claim**<br><br>Please do not file a proof of claim unless you receive a notice to do so. | No property appears to be available to pay creditors. Therefore, please do not file a proof of claim now. If it later appears that assets are available to pay creditors, the clerk will send you another notice telling you that you may file a proof of claim and stating the deadline. | |
| **11.** **Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |
| **12.** **Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at https://pacer.uscourts.gov. If you believe that the law does not authorize an exemption that the debtors claim, you may file an objection. The bankruptcy clerk's office must receive the objection by the deadline to object to exemptions in line 9. | |
| **13.** **Voice Case Info. System (McVCIS)** | McVCIS provides basic case information concerning deadlines such as case opening, discharge, and closing dates, and whether a case has assets or not. McVCIS is accessible 24 hours a day except during routine maintenance. To access McVCIS toll free call 1‒866‒222‒8029. | |

# EXHIBIT C

***ELECTRONICALLY FILED 06/30/2021 06:56:16 PM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***

ATERSO01
PO Box 1280
Oaks, PA 19456-1280
CHANGE SERVICE REQUESTED

**Convergent**

Convergent Outsourcing, Inc.
800 SW 39th St., Suite #100/PO Box 9004
Renton, WA 98057
Mon-Thu 8AM-8PM, Fri 8AM-5PM CST
833-303-1400

Date: 05/17/2021
Current Creditor: Jefferson Capital Systems, LLC
Current Creditor Reference #: ████78621
Convergent Reference #: ████2780
Debt Description: Verizon Wireless
Original Account #: ████████

Reduced Balance Amount:     $ 321.17

Total Amount Owed:     $ 642.33

J Kyle Barger

---

**Reduced Balance Opportunity**

Dear J Kyle Barger:

The account referenced above has been placed by Jefferson Capital Systems, LLC with our office for collection.

Our client has advised us that they are willing to satisfy your account in full for approximately 50% of your total amount owed. The reduced balance amount of $ 321.17 must be received in our office by an agreed upon date. If you are interested in taking advantage of this opportunity, call our office within 60 days of your receipt of this letter. We are not obligated to renew this offer.

Sincerely,

Convergent Outsourcing, Inc.

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

Please send any correspondence to Convergent Outsourcing, Inc. at PO Box 9004 Renton, WA 98057.

**NOTICE: PLEASE SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION.**

---

Questions about Convergent visit http://convergenthelp.com/

**3 CONVENIENT WAYS TO PAY:**

Pay Online:  Pay your bill online with your credit/debit card or checking account at www.payconvergent.com

Pay by Phone:  We offer check by phone, Western Union, and credit/debit card. 833-303-1400.

Pay by Mail:  Send payments to Convergent Outsourcing, Inc., PO Box 9004, Renton, WA 98057-9004.



PLEASE DETACH THE BOTTOM PORTION WITH YOUR PAYMENT.  BEFORE MAILING, PLEASE ENSURE RETURN ADDRESS
APPEARS CORRECTLY THROUGH THE WINDOW OF THE REPLY ENVELOPE

34969461
840ATERSO01T150JCAP

Convergent Phone #: 833-303-1400
Date: 05/17/2021
Current Creditor: Jefferson Capital Systems, LLC
Current Creditor Reference #: ████8621
Convergent Reference #: ████2780
Reduced Balance Amount: $ 321.17
Total Amount Owed: $ 642.33

Amount Enclosed: US _____

**New Address:**
Address: _____
City: _____ ST _____ Zip: _____
Daytime Phone: (_____) _____-_____
Evening Phone: (_____) _____-_____

Questions about Convergent visit http://convergenthelp.com/

Convergent Outsourcing, Inc.
PO Box 9004
Renton  WA 98057-9004

9700001827800000064233000032117